**Franklin Esmelin PAZ–DISCUA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71877.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.*

Filed June 22, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael John Selph, Esquire, Law Offices of Michael J. Selph, North Hollywood, CA, for Petitioner.

John J.W. Inkeles, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM **

Franklin Esmelin Paz–Discua, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

We reject Paz–Discua's claim that he is eligible for asylum based on his political opinion or membership in a particular social group. *See Santos–Lemus v. Mukasey,* 542 F.3d 738, 746–47 (9th Cir.2008) (rejecting petitioner's contention that he was persecuted on account of his political opinion based on his refusal to join a gang); *Ramos–Lopez v. Holder,* 563 F.3d

** This disposition is not appropriate for publi-

855, 860–62 (9th Cir.2009) (rejecting as a particular social group "young Honduran men who have been recruited by [a gang], but who refuse to join."); *Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Paz–Discua's arguments to distinguish his case from *Santos–Lemus* and *Ramos–Lopez* are unavailing. Accordingly, because Paz–Discua failed to demonstrate that he was persecuted or faces persecution on account of a protected ground, we deny the petition. *See Ramos–Lopez,* 563 F.3d at 862.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.